# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY JO ELLEN HOEFT,**

    **Plaintiff,**

    v.                                                                               08-C-0118

**MAURY STRAUB, DR. PEREZ,**
**LAURIE WILLIAMS, and**
**DR. INDIRA MANNEN,**

    **Defendants.**

# DECISION AND ORDER

        Plaintiff, Mary Jo Ellen Hoeft, filed this *pro se* civil rights action pursuant to 42 U.S.C. 1983. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and motion to appoint counsel.

        Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If the plaintiff does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of her trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the

average monthly deposits to or the average monthly balance in the trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint. Pursuant to this court's order dated February 11, 2008, the plaintiff has been assessed and paid an initial partial filing fee of $22.80. Thus, the plaintiff's petition to proceed *in forma pauperis* will be granted. The remainder of the filing fee will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id*. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon her by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Background**

The plaintiff, a state prisoner, was incarcerated at Ozaukee County Jail and Taycheedah Correctional Institution at all times relevant. However, she is currently housed at John C. Burke Correctional Center.

Defendant Maury Straub is the Sheriff of Ozaukee County. Defendant Laurie Williams is employed as a nurse at Ozaukee County Jail. Defendant Dr. Perez is a physician practicing in Port Washington. Defendant Dr. Indira Mannen is a physician practicing in Cedarburg.

On February 21, 2007, the plaintiff was arrested on felony theft charges and taken to Ozaukee County Jail. On February 28, 2007, the plaintiff complained to jail officials that she was experiencing discharge. Defendant Williams took a urinalysis sample and tested the plaintiff for sexually transmitted diseases. The test results came back negative but the plaintiff continued to experience discharge.

On or about March 15, 2007, the plaintiff complained of severe abdominal pain and cramps. She was admitted to the medical tank for overnight observation. The next morning, defendant Williams and deputy Diditiar came to see the plaintiff. At that time, the plaintiff showed Williams and Diditiar the heavy discharge she was experiencing. She also complained of having a lump in her left armpit. Defendant Williams stated that the plaintiff had a pelvic infection and that she would be seen by an outside doctor.

On or about March 20, 2007, the plaintiff saw defendant Dr. Mannen at her clinic in Cedarburg. The plaintiff could not be fully examined at that time due to her

menstrual cycle. Thus, the plaintiff was returned to jail and the appointment with Dr. Mannen was re-scheduled for a later date.

Back at the jail, the plaintiff was prescribed Cefadoxil and compresses. The plaintiff saw Dr. Mannen again on March 27, 2007. At that time, Dr. Mannen diagnosed the plaintiff with Trichomoniasis, a sexually transmitted disease. However, the plaintiff received no care for the lump in her armpit.

On or about April 10, 2007, the plaintiff informed jail officials that she had a knot the size of a ping pong ball on the left side of her body. The lump was so large that the plaintiff could not hold her arm at her side. Deputy Craney put the plaintiff in observation status. Dr. Perez was informed about the plaintiff's condition but refused to see her. However, the plaintiff's Cefadoxil medication was reordered.

The plaintiff's growth eventually ruptured and drained all over her body. She was denied medical care and not given any supplies to clean the wound. The plaintiff then developed two more knots along the left side of her body. When this happened, the plaintiff asked the jail officials to take her to the hospital but they refused.

Eventually, another inmate's mother called the Ozaukee County Health Department to report that the plaintiff had a possible staph infection. Thereafter, defendant Williams examined the lumps on the plaintiff's body. The upper left lump was the size of a potato and the lower lump was the size of a marble.

On or about June 8, 2007, both of the lumps ruptured, emitting several cups of a foul-smelling green liquid. Another inmate attempted to help the plaintiff but was ordered

5

to stop by deputy Weber. Medical officials refused to treat the plaintiff's wounds and she was not provided with any bandages.

On June 13, 2007, the plaintiff was transferred to Taycheedah Correctional Institution, where she immediately complained about her medical problems. Officials at Taycheedah took cultures of the lumps and determined that the plaintiff had Methicillin-resistant Staphylococcus aureus (MRSA). The plaintiff was placed on infectious status and given appropriate care.

The plaintiff avers that she will suffer from MRSA for the rest of her life. She has experienced anxiety and requires psychological care. The plaintiff claims that she has suffered a loss of normal activities, as well as loss of love and affection, humiliation, embarrassment, distress, isolation and depression.

The plaintiff alleges that the defendants subjected her to cruel and unusual punishment. For relief, she demands monetary damages and a jury trial.

**B.      Analysis**

The plaintiff alleges that the defendants delayed and denied her medical care for MRSA. To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v.*

*Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Thus, the plaintiff has stated a claim predicated on the Eighth Amendment.[2]

As a final matter, the complaint names two private actors, Dr. Perez and Dr. Mannen, as defendants. Section 1983 claims apply only to persons acting under color of state law. *Gomez*, 446 U.S. at 640. However, a private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right. *Proffitt v. Ridgeway*, 279 F.3d 503, 507 (7th Cir. 2002); *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004)(a private defendant acts under color of state law when he is a willful participant in joint action with the state or its agents). Here, the plaintiff has alleged that Dr. Perez and Dr. Mannen worked in concert with jail officials to deny her medical care. Thus, the plaintiff may proceed with a § 1983 claim against Dr. Perez and Dr. Mannen.

## II. MOTION TO APPOINT COUNSEL

On February 1, 2008, the plaintiff filed a motion to appoint counsel. As grounds for her request, the plaintiff states: (1) she unable to afford counsel; (2) the issues in this case are complex; (3) it will be necessary to obtain expert medical testimony; (4) she has extremely limited access to the prison law library; (5) she has a very limited knowledge

---

[2] It appears that the plaintiff was a pretrial detainee at the time of the alleged events. If so, her medical care claims arise under the Fourteenth Amendment. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000); *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000); *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 473-74 (7th Cir. 1998). However, the standards for medical care claims under either the Eighth or the Fourteenth Amendments are substantially similar. *See Wilson v. Williams*, 83 F.3d 870, 876-77 (7th Cir. 1996); *Chavez,* 207 F.3d at 904; *City of Chicago v. Salazar*, 940 F.2d 233, 240 (7th Cir. 1991). Thus, the court has analyzed the plaintiff's medical care claims under the Eighth Amendment standard.

of the law; and (6) this case will require discovery of security tapes and the taking of depositions.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id.* at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

In this case, the plaintiff has not provided any indication that she has unsuccessfully attempted to obtain legal counsel on her own. The plaintiff should provide the court with the names and addresses of counsel she has contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff has been allowed to proceed on one narrow claim that is not legally complex. Accordingly, the plaintiff's request for appointment of counsel is denied without prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Docket # 2) is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 3) is **denied without prejudice.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of

Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $327.20 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**